UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ORVILLE TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-cv-00207-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Orville Tucker is an inmate at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Tucker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent has now filed a response to Tucker's petition [R. 12], and Tucker has filed a reply brief [R. 15]. This matter is therefore ripe for a decision. For the reasons set forth below, the Court will deny Tucker's petition.

In 1998, a jury convicted Tucker of multiple federal crimes, including robbery, conspiracy to commit robbery, using and carrying a firearm during the commission of a robbery, carjacking, and using and carrying a firearm during the commission of a carjacking.[1] The trial court then held multiple sentencing hearings and determined that Tucker had previously been convicted in Florida of burglary of a dwelling and battery of a law-enforcement officer. The trial court determined that these convictions constituted crimes of violence under section 4B1.1 of the United States Sentencing Guidelines and thus that Tucker was a career offender subject to an enhanced sentence. The trial court ultimately sentenced Tucker to a total of 510 months in

---

[1] The procedural history comes from Tucker's petition, the Respondent's response brief, and Tucker's underlying criminal case of *United States v. Orville Tucker*, No. 1:97-cr-447 (S.D. Fla. 1998).

prison. Tucker then filed a direct appeal, but the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence. Finally, Tucker's efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.

Tucker has now filed a § 2241 petition with this Court. [R. 1]. Tucker's petition is lengthy and at times difficult to understand. However, the crux of Tucker's argument is that, in light of intervening United States Supreme Court case law, he is "actually innocent of his career offender enhancement classification" and, as a result, this Court should vacate his sentence. Tucker cites the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition.

Tucker's petition, however, constitutes an impermissible collateral attack on his underlying sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Tucker cannot use a § 2241 petition as a way of challenging his underlying sentence.

To be sure, as Tucker points out, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous

conviction is not a predicate offense for a career-offender enhancement." *Hill v. Masters*, 836 F.3d 591, 600 (6th Cir. 2016).

This exception does not provide Tucker with the relief he is seeking. As an initial matter, Tucker relies on *Johnson*, but in that case the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2551. Thus, *Johnson* involved a specific constitutional question about the ACCA, not an issue of statutory interpretation directly relevant to Tucker's case. Ultimately, if Tucker wants to bring a claim based on *Johnson*, he must do so via a § 2255 motion, not a § 2241 petition.

Moreover, while Tucker cites *Descamps* and *Mathis*, he has failed to clearly demonstrate how those cases reveal that his previous Florida felony convictions are not valid predicate offenses for purposes of the career-offender enhancement. In fact, as the Respondent explains in his response brief, Tucker's prior Florida conviction for burglary of a dwelling qualifies as a predicate crime of violence under the residual clause of the career-offender guideline in effect at the time the trial court sentenced Tucker. *See United States v. Jacques*, 717 F. App'x 934, 937 (11th Cir. 2017) ("Regardless of whether Florida burglary of an occupied dwelling is a crime of violence under the enumerated clause, it is so under the residual clause."); *United States v. Walker*, 631 F. App'x 753, 756 (11th Cir. 2015) (burglary of an unoccupied dwelling under Florida law is a crime of violence under the residual clause); *United States v. Matchett*, 802 F.3d 1185, 1196-97 (11th Cir. 2015) (the same). The same is true for Tucker's prior Florida conviction for battery of a law-enforcement officer. *See United States v. Joseph*, 700 F. App'x 918, 923 (11th Cir. 2017) (explaining that Florida battery of a law-enforcement officer qualifies as a crime of violence under the residual clause of the guidelines); *Rozier v. United States*, 701 F.3d 681, 682 (11th Cir. 2012) (the same); *see also Anderson v. Ormond*, No. 6:18-cv-254-CHB, 2018 WL 6594539, at *5 (Dec. 14, 2018) (deciding, among other things, that the petitioner's

Florida convictions for battery of a law-enforcement officer qualified as a crime of violence under the residual clause of the guidelines). Therefore, despite Tucker's claims to the contrary, he has not shown that he is actually innocent of the career-offender enhancement.

Accordingly, it is **ORDERED** as follows:

1. Tucker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge